UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEIU HEALTHCARE MISSOURI/KANSAS, A DIVISION OF SEIU HEALTHCARE ILLINOIS & INDIANA, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   No. 4:23 CV 224 JMB<br>) |
| SRZ OP ST. LOUIS, LLC, d/b/a ST. LOUIS PLACE HEALTH AND REHABILITATION, | )<br>)<br>) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff SEIU Healthcare Missouri/Kansas, a Division of SEIU Healthcare Illinois & Indiana's Motion for Default Judgment against Defendant SRZ OP St. Louis, LLC, d/b/a St. Louis Place Health and Rehabilitation (Doc. 10).  For the reasons set forth below, the Motion is GRANTED.

**Background**

Plaintiff's Complaint seeks to compel arbitration pursuant to a collective bargaining agreement (CBA) and under Section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185 ("LMRA").

The parties entered into a CBA effective from August 8, 2021 to August 8, 2024.  (Doc. 1, ¶ 7).  The CBA covers the wages, fringe benefits, hours, and terms and conditions of employment of the employees employed by Defendant and covered by the agreement (Id.).  The CBA also contains a grievance and arbitration procedure if the parties have "complaints, disputes, controversies, or grievances" (Id. ¶ 10).  On September 16, 2022, Plaintiff filed a grievance with Defendant concerning its failure to "remit Union dues, initiation fees, and reinstatement fees

deducted from employees to the Union since April, 2022" (Id. ¶ 11).  Defendant failed to respond to the grievance or participate in the grievance procedures (Id. ¶ 12).  When Plaintiff informed Defendant that it intended to pursue arbitration pursuant to the CBA, Defendant subsequently failed to participate in selecting an arbitrator, set an arbitration schedule, and otherwise failed to comply with the terms of the CBA (Id. ¶¶ 14-18).  Thus, Defendant failed to perform its obligations under the CBA even though Plaintiff fulfilled its obligations under the CBA (Id. ¶ 22).

After Plaintiff's letters and emails regarding the grievance and arbitration went unanswered, Plaintiff filed its Complaint to compel arbitration in this Court.  The Complaint seeks an order from the Court compelling Defendant to participate in the arbitration process by selecting an arbitrator and proceeding to binding arbitration with the selected arbitrator. The Complaint also seeks attorneys' fees and costs incurred by Plaintiff in having to file and pursue the Complaint.

Defendant was served with summons and the Complaint on March 22, 2023, through its registered agent, CSC-Lawyers Incorporating Service Company, but did not answer or otherwise plead by the April 12, 2023 deadline (Doc. 6).  On May 2, 2023, the Clerk of the Court entered default against Defendant pursuant Federal Rule of Civil Procedure 55(a) (Doc. 9).  This Motion for Default Judgment follows.  As of the date of this memorandum and order, Defendant has not appeared or filed any document with the Court.

## Discussion

When the Clerk of Court has entered default against a party, that party has "no further standing to contest the factual allegations of plaintiff's claim for relief."  Taylor v. City of Ballwin. Mo., 859 F.2d 1330, 1333 n.7 (8th Cir. 1988) (citation omitted).  Where a default has been entered, the "defendant is deemed to have admitted all well pleaded allegations in the complaint." Id. (internal punctuation and citation omitted).  Therefore, the Court's inquiry is limited

to whether the dispute about Defendant's failure to remit union dues, initiation fees, and reinstatement fees should be submitted to arbitration.  See Marshall v. Baggett, 616 F.3d 849, 852 (8th Cir. 2010).

This Court has jurisdiction over violations of contracts between an employer and a labor organization under Section 301 of the LMRA, 29 U.S.C. § 185, and 28 U.S.C. 1337.  The Court has the power to enforce the arbitration provision of the parties' agreement.  A party that seeks to compel arbitration must demonstrate the existence of a valid agreement to arbitrate and that the specific dispute at issue falls within the scope of that agreement.  MedCam, Inc. v. MCNC, 414 F.3d 972, 974 (8th Cir. 2005) (citing Bob Schultz Motors, Inc. v. Kawasaki Motors Corp., U.S.A., 334 F.3d 721, 726 (8th Cir. 2003)). "[T]he question of scope asks only whether the parties have agreed to arbitrate a particular claim and does not reach the potential merits of the claim." MedCam, Inc., 414 F.3d at 975. A presumption of arbitrability exists when an agreement like the present one contains an arbitration clause, and the Court will issue an order to arbitrate if the clause can be read to cover the asserted dispute. AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986).

Plaintiff's Complaint and the attached exhibits show that its grievance about Defendant's failure to remit union dues and fees falls within the CBA's grievance and arbitration clause. Article 13 of the CBA provides that Defendant shall deduct dues and fees from employee's wages (Doc. 1-1, p. 16).  Plaintiff alleges that Defendant failed to make the necessary deductions and that a dispute or grievance exists.  Article 23 of the CBA goes on to provide that if a dispute or grievance between the parties is not resolved through a written process to a supervisor or administrator, it will be submitted to binding arbitration which the parties should cooperate in scheduling and completing (Doc. 1-1, p. 29-30).  Plaintiff alleges that the dispute was not resolved, and that

Defendant has failed to cooperate in arbitration. "When the parties have agreed on an arbitration clause that appears to cover their dispute, it should be upheld." 3M Co. v. Amtex Sec., Inc., 542 F.3d 1193, 1199 (8th Cir. 2008). As a result, Plaintiff is entitled to the specific relief on its request to compel Defendant's participation in the arbitration of Plaintiff's grievance.

Plaintiff also seeks its attorneys' fees and costs incurred in filing the Complaint. Generally, the American Rule provides that absent statutory authority or a contractual agreement, neither party to an action is entitled to recover attorney fees from the other party. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983); M.B. by Eggemeyer v. Tidball, 18 F.4th 565, 567-568 (8th Cir. 2021). Section 301 of the LMRA does not provide a statutory basis for the recovery of attorneys' fees, and the Union does not assert it has a contractual right to attorneys' fees under the Agreement.

The Eighth Circuit has, however, authorized an award of attorneys' fees under Section 301 as a matter of equity if the losing party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." American Federation of Musicians, Local 2-197, AFL-CIO v. St. Louis Symphony Society, 203 F.3d 1079, 1082 (8th Cir. 2000) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991), and United Paperworkers Int'l Union v. Champion Int'l Corp., 81 F.3d 798, 801–02 (8th Cir.1996)). "[B]ad faith may exist where a party's claim is deemed to be totally without merit." Actors' Equity Ass'n v. Am. Dinner Theatre Inst., 802 F.2d 1038, 1042 (8th Cir.1986) (citation omitted). A court may factually determine that bad faith exists where a party's claim is "frivolous, unreasonable, or groundless, or [where the party] continued to litigate after it clearly became so." Id. (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978)).

Here, the Complaint's factual allegations, which Defendant is deemed to have admitted,

Taylor, 859 F.2d at 1333 n.7, demonstrate that Defendant failed to comply with the agreed-upon grievance and arbitration clause of the CBA.  Defendant's failure and refusal to submit the grievance to arbitration and select an arbitrator appears inexcusable considering the grievance clearly falls within the scope of the CBA's grievance and arbitration clause.  Plaintiff states, and there is no dispute, that Defendant has no good faith basis in its failure to submit the grievance to arbitration; and its failure to select an arbitrator and submit the grievance to arbitration forced Plaintiff to file a complaint to compel arbitration to enforce its contractual rights, even after it warned Defendant of its intention to file the instant Complaint if Defendant did not make arrangements to select an arbitrator from the panel (Doc. 11-1, pp. 1-6).

Based on Defendant's failure to participate in the contractual grievance and arbitration process, and its failure to offer any defense to Plaintiff's Complaint, the Court finds Defendant acted in bad faith and/or for oppressive purposes, with the intent to delay, harass, or to multiply the costs of this dispute.  Therefore, the Court will award Plaintiff its attorneys' fees incurred in bringing its Complaint as a matter of equity.  The Court finds Plaintiff's attorney Amanda K. Hanson's hourly rates are reasonable for a commercial labor dispute, and the time she expended in prosecuting this action through default judgment was reasonable and adequately documented (Doc. 11-2, pp. 3-4).  Ms. Hanson's Affidavit and supporting documentation support an award of attorneys' fees in the amount of $1, 3450.50.

In addition, the Court will also assess costs in the Plaintiff's favor as a prevailing party under Rule 54(d) in the amount of  $402.00.  This is an allowable cost under 28 U.S.C. § 1920(1), which governs taxation of costs.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. 10) is **GRANTED**.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant is directed to arbitrate Plaintiff's grievance pursuant to the terms of the parties' CBA, including to contact Plaintiff no later than seven (7) days from the date of this memorandum and order to select an arbitrator from the panel of arbitrators sent by the Federal Mediation and Conciliation Service by making alternative strikes from the panel, to join Plaintiff in notifying the arbitrator of his/her selection, to cooperate with Plaintiff and the selected arbitrator in scheduling an arbitration hearing in a reasonable period of time, and to then to promptly proceed to binding arbitration with the selected arbitrator as provided by the Labor Agreement;

**IT IS FURTHER ORDERED** that Plaintiff is awarded its reasonable attorneys' fees in the amount of $**1,354.50**, and its costs of **$402.00**.

An appropriate Default Judgment will accompany this Memorandum and Order.

Dated this 28th day of July, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE